CC: filer SASP
ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 03 2025  RR

at 8 o'clock and 45 min. A M
Lucy H. Carrillo, Clerk

# UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAII

**GRAYSEN GAINE,**
Plaintiff,

v.

**TRENT ALLEN BATEMAN, LISA JANETTE BATEMAN, BROOKE AMBER BATEMAN, MIKE BULLWARE, PAUL GLEED, "CHRIS" (engineer, Kaloko Drive), DELORES "LOLO" BORJA, and other unnamed co-conspirators,**
Defendants.

Case No.: **CV25 00423** SASP RT

**VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER CIVIL RICO (18 U.S.C. §§ 1961–1968)**

---

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under **28 U.S.C. § 1331** (federal question) and **18 U.S.C. § 1964(c)** (civil remedies for RICO violations).
2. Venue is proper in the **District of Hawaii** pursuant to **28 U.S.C. § 1391(b)**, as a substantial part of the events giving rise to this action occurred in this District, including the unlawful activities alleged herein.

---

## II. PARTIES

3. **Plaintiff, Graysen Gaine**, is a natural-born citizen of the United States, domiciled in Honolulu, Hawaii. Plaintiff is disabled and brings this action pro se.
4. **Defendant, Trent Allen Bateman**, is an individual residing in Hawaii, who directed, organized, and profited from the racketeering enterprise alleged herein.
5. **Defendant, Lisa Janette Bateman**, is the spouse of Trent Bateman, who aided and abetted the enterprise.
6. **Defendant, Brooke Amber Bateman**, daughter of Trent Bateman, engaged in acts of public defamation and intimidation of Plaintiff.
7. **Defendant, Mike Bullware**, is an associate of Trent Bateman and co-conspirator in extortion and threats against competitors in the Kona coffee industry.

8. **Defendant, Paul Gleed**, worked with Bateman to construct illegal and unpermitted dwellings.
9. **Defendant "Chris" (last name unknown)** is an engineer residing on Kaloko Drive, who used county contacts to fraudulently secure approvals for unlawful buildings.
10. **Defendant Dolores "Lolo" Borja** was employed by Bateman and engaged in fraudulent re-bagging and counterfeit coffee activities.

## III. FACTUAL ALLEGATIONS

11. Beginning in or about **1998**, Defendant Trent Bateman constructed and operated an **unlicensed dry milling facility** at 73-1944/1942 Hao Street, Kailua-Kona, Hawaii.
12. From 2000 to 2013, Plaintiff personally witnessed **over 2,000 instances of counterfeiting 100% Kona Coffee**. Defendant Bateman and his employee Dolores Borja re-bagged off-grade Hawaiian coffee into bags falsely labeled as "100% Kona Coffee," fraudulently re-sewing certified tags to disguise the deception.
13. Defendant Bateman orchestrated secret meetings with county inspectors, USDA agents, and other officials, during which **cash bribes were exchanged** to "bless" unpermitted structures and overlook violations.
14. Defendant Bateman, with Paul Gleed and engineer "Chris," built multiple **illegal and unpermitted dwellings**, feigning compliance through Chris's county connections.
15. Defendant Bateman, together with Mike Bullware, conspired to **"take out" Hawaii Coffee Company CEO Jim Wayman**, in order to silence opposition to their fraudulent Kona coffee enterprise.
16. From 2007–2013, Plaintiff and fiancée **Melonie Lucero** (DOB 04/28/1979), along with her children **Elena Trevino and Dustin Lucero**, resided on the Hao Street property. During this time, they witnessed these unlawful activities and were subjected to **retaliation and unlawful housing conditions** after demanding proper accommodations.
17. Defendant **Brooke Amber Bateman** repeatedly defamed Plaintiff in public, calling him a "bipolar f***head" and "mental retard" in front of large tour groups, causing humiliation and reputational harm.
18. Plaintiff retained attorney **Don Wynn** of Honolulu to address this conduct, but Wynn, allegedly bribed by Bateman, inserted language into a settlement agreement that **severed Plaintiff's parental rights**, thereby unlawfully interfering with the sacred parent-child relationship.
19. In 2013, Plaintiff's life was threatened by **Malcolm, an employee of Kona Lua, Inc. and member of the Hell's Angels**, who used drugs including cocaine and threatened Plaintiff's safety. Fearing imminent harm, Plaintiff fled the property, finding refuge and peace with his contractual wife, **Choral Ramirez**, for nearly a decade.
20. In or about 2023, Defendant **Trent Bateman bribed Ms. Ramirez with $10,000+** to conspire against Plaintiff, resuming the cycle of coercion, retaliation, and deprivation of Plaintiff's rights.

## IV. RICO ALLEGATIONS

21. Defendants, acting together and with others unknown, constitute an **"enterprise"** within the meaning of 18 U.S.C. § 1961(4), engaged in activities affecting interstate commerce.
22. Defendants committed multiple **predicate acts** including but not limited to:
- Mail and wire fraud (18 U.S.C. §§ 1341, 1343)
- Agricultural fraud and counterfeiting
- Extortion and threats of violence (18 U.S.C. § 1951, Hobbs Act)
- Bribery of public officials (18 U.S.C. § 201)
- Witness intimidation and retaliation (18 U.S.C. § 1512)
- Money laundering of illicit proceeds (18 U.S.C. § 1956)
23. These acts form a **pattern of racketeering activity** as defined by 18 U.S.C. § 1961(5), continuing over more than two decades.
24. As a direct and proximate result of Defendants' racketeering conduct, Plaintiff suffered injuries to his person, property, reputation, and business interests, including loss of housing rights, familial rights, livelihood, and emotional well-being.

## V. CLAIMS FOR RELIEF

**Count I: Violation of 18 U.S.C. § 1962(c)**
(Conducting or participating in an enterprise through a pattern of racketeering activity)

**Count II: Violation of 18 U.S.C. § 1962(d)**
(Conspiracy to violate RICO)

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Enter judgment in favor of Plaintiff and against all Defendants jointly and severally;
2. Award Plaintiff **treble damages** as authorized by 18 U.S.C. § 1964(c);
3. Order **disgorgement of all assets, profits, and properties** obtained by Defendants through racketeering;
4. Issue **injunctive relief** barring Defendants from continuing their unlawful enterprise;
5. Award **reasonable costs and expenses** incurred in this action;
6. Grant such other relief as this Court deems just and proper.

**Respectfully submitted,**
Dated: _____, 2025

_____

**Graysen Gaine**
Plaintiff, Pro Se
94-928 Kumuao Street, Waipahu, Hawaii
213-293-9639
gs@qualitecs.com

_____

*/s/ Graysen Gaine*

10-2-2025